# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:24-cv-00475-DDP-AJR           Date:  April 12, 2024
                                           Page 1 of 4

Title:   La Drea Johnson v. County of Los Angeles, et al.

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM SHOULD NOT BE DISMISSED**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| _Claudia Garcia-Marquez_ | _____None_____ | __None__ |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

On January 18, 2024, *pro se* Plaintiff La Drea Johnson ("Plaintiff"), filed this civil rights action pursuant to 42 U.S.C. § 1983 (the "Complaint").  (Dkt. 1.)  On January 31, 2024, the Court issued an order dismissing Plaintiff's complaint with leave to amend for various pleading deficiencies.  (Dkt. 5.)  Plaintiff filed a First Amended Complaint ("FAC") which was subsequently dismissed with leave to amend on March 8, 2024.  (Dkts. 7, 10.)  On April 5, 2024, Plaintiff filed the operative Second Amended Complaint ("SAC").  (Dkt. 11.)  Plaintiff's SAC alleges claims against (1) the City of Los Angeles; (2) the Los Angeles Police Department ("LAPD"); (3) LAPD Supervisor Victor Porcayo (official and individual capacity); (4) Officer Nguygen (official and individual capacity); (5) Officer Morales (official and individual capacity), and (6) DOES 1-10.  (Id. at 2-3.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    2:24-cv-00475-DDP-AJR | Date:  April 12, 2024 |
| | Page 2 of 4 |

Title:     La Drea Johnson v. County of Los Angeles, et al.

Plaintiff's SAC, like the FAC and initial complaint, alleges that the defendant officers entered her home without her consent, a warrant, or exigent circumstances.  (Dkt. 11 at 7-9.)  Plaintiff alleges that this resulted in her child being removed from her custody and placed into child protective services' custody for "up to six months."  (Id. at 7-13.)  Plaintiff also alleges that the defendant officers fabricated a police report.  (Id.)  Plaintiff alleges violation of her Fourth and Fourteenth Amendment rights.  (Id. at 1.)  Plaintiff further alleges a state law claim for Intention Infliction of Emotional Distress ("IIED").[1]  (Id.)  Plaintiff seeks monetary damages.  (Id. at 20)

**I.      DISCUSSION**

**A.      Defendants Appear To Be Immune From Plaintiff's State Law IIED Claim Under Cal. Gov't Code § 821.6.**

Under Cal. Gov't Code § 821.6, a "public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."  Cal. Gov't Code § 821.6.  When interpreting state law, a federal court is bound by the decision of the highest state court."  Garmon v. Cnty. of Los Angeles, 828 F.3d 837, 847 (9th Cir. 2016).  The California Supreme Court has held that the immunity conferred by Section 821.6 can extend beyond "prosecuting attorneys and other similar individuals . . . to police officers as well . . . depending on how the injury is caused."  Leon v. Cnty. of Riverside, 14 Cal. 5th 910, 918–19 (2023) (internal quotations and citations omitted).  Under California law, "a police officer may be held liable for false arrest and false imprisonment, but not for malicious prosecution."  Id. (citing Asgari v. City of Los Angeles, 15 Cal. 4th 744, 757 (1997)).

Section 821.6's "immunity is narrow in the sense that it applies only if the conduct that allegedly caused the plaintiff's injuries was the institution or prosecution of an official proceeding."  Leon, 14 Cal. 5th at 922; Garmon, 828 F.3d at 847 ("[T]he California Supreme Court interpreted section 821.6 as 'confining its reach to malicious prosecution

---

[1] Plaintiff alleges that she complied with the California Tort Claims Act with regard to this claim.  (Dkt. 11 at 18 ¶ 51.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    2:24-cv-00475-DDP-AJR                                Date: April 12, 2024
                                                                 Page 3 of 4

Title:      La Drea Johnson v. County of Los Angeles, et al.

actions.'" (quoting Sullivan v. County of Los Angeles, 12 Cal.3d 710, 117 (1974))). Section 821.6 immunity "applies to every such tort claim, whether formally labeled as a claim for malicious prosecution or not." Leon, 14 Cal. 5th at 922. Where Section 821.6 immunity applies, "it is absolute, meaning that the immunity is not conditioned on a showing that the defendant acted in a reasonable or procedurally proper manner, or any similar requirement." Id. (internal quotations omitted). If a law enforcement officer has initiated an official proceeding, the officer will enjoy immunity for that conduct under section 821.6, regardless of whether the officer's conduct may include certain acts described as "investigatory." Id. at 924. Where, however, the plaintiff's claim of injury does not stem from the initiation or prosecution of proceedings, Section 821.6 immunity does not apply. Id.

Here, Plaintiff's claim of injury does stem from "the initiation or prosecution of proceedings." (See Dkt. 11 at 13 ("The Department of Children and Families Services and the Dependency Court utilized the fabricated police report to remove the child from Plaintiff's custody.").) Further, Plaintiff alleges a claim of "malicious prosecution." (Id. at 14.) Accordingly, it appears that Plaintiff's state law IIED claim against Defendants is barred by Section 821.6 immunity.[2] See, e.g., Lee v. City of San Jose, 2023 WL 5072465, at *9 (N.D. Cal. Aug. 7, 2023) (dismissing Plaintiff's state law malicious prosecution claim without leave to amend "because California Government Code § 821.6 precludes malicious prosecution claims against government entities").

## II. DISPOSITION

For the foregoing reasons, Plaintiff is ORDERED TO SHOW CAUSE why her Intentional Infliction of Emotional Distress claim should not be dismissed. On or before **April 26, 2024**, Plaintiff shall file a response to this Order. If Plaintiff fails to timely respond to this Order, this action may be dismissed for failure to obey court orders and/or failure to prosecute. If Plaintiff no longer wishes to pursue her Intentional Infliction of Emotional Distress claim against the Defendants, she may remove this claim from her

---

[2] Section 821.6 immunity has no application to Plaintiff's Section 1983 claims. See Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996) ("[S]tate immunity law does not govern § 1983 claims . . . .").

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    2:24-cv-00475-DDP-AJR                              Date:  April 12, 2024
                                                                Page 4 of 4

Title:      La Drea Johnson v. County of Los Angeles, et al.

SAC by filing the attached Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) and writing in that she no longer wishes to pursue her Intentional Infliction of Emotional Distress claim in the Second Amended Complaint.

    IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).